```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      SOUTHERN DIVISION
```

UNITED STATES OF AMERICA

VS.                              CRIMINAL NO. 1:97-cr-20(DCB)(JMR)

JAMES E. CHRISTOPHER

ORDER

This cause is before the Court on the defendant James E. Christopher's motion for termination of supervised release **(docket entry 354)**.  Having carefully considered the motion and the government's response, and being fully advised in the premises, the Court finds as follows:

Christopher has moved the Court to terminate his supervised release, citing Title 18, United States Code, § 3583(e)(1), which provides, in part:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[,] ... terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice ... .

18 U.S.C. § 3583(e)(1).  As the Fifth Circuit has explained, "[t]he statute directs the court to take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence."  United States v. Jeanes, 150 F.3d 483, 484 (5th Cir.

Case 1:97-cr-00020-DCB   Document 368   Filed 11/22/05   Page 2 of 3

1998).  "These are largely the same considerations the court must assess when imposing the original sentence."  Id.

The Fifth Circuit recognizes the broad discretion accorded district courts in evaluating whether to terminate a term of supervised release.  Id.  But the appellate court also recognizes that the district court must consider whether its decision will "afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2)(B)(cited in Jeanes, 150 F.3d at 485).  "Early termination is not warranted as a matter of course.  It may be justified 'occasionally' in cases of new or unforeseen circumstances."  United States v. Herrera, 1998 WL 684471, at *2 (S.D. N.Y. Sept. 30, 1998)(quoting United States v. Lussier, 104 F.3d 32, 36 (2nd Cir. 1997)).

Christopher pled guilty to conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, and was sentenced to 57 months imprisonment to be followed by five years of supervised release.  The only consideration he cites for his motion is that "he has abided by all the terms of his supervised release for a period exceeding one year."  However, although "the fact that [the defendant] has complied with the terms of his probation is commendable, ... that ultimately is what is expected of him."  Herrera, 1998 WL 684471, at *2.  The Court finds that the defendant has not demonstrated eligibility for termination of his supervised release at this time.  He may however be eligible for consideration

2

at a later time, provided the Probation Office deems him a worthy candidate for early termination.  Accordingly,

IT IS HEREBY ORDERED that the defendant James E. Christopher's motion for termination of supervised release **(docket entry 354)** is DENIED.

SO ORDERED, this the 21st day of November, 2005.

<u>  s/David Bramlette        </u>
UNITED STATES DISTRICT JUDGE
